**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**BRIAN LLOYD**                                                    **PLAINTIFF**

**v.**                              **No. 4:25-cv-921-DPM**

**SALON XTENSIONS LLC**                                   **DEFENDANT**

**ORDER**

**1.**     Lloyd used to work for Salon Xtensions as a salesperson. He sold hair extensions.  Lloyd was let go.  He has sued Salon for violating the Fair Labor Standards Act and the Arkansas Minimum Wage Act, plus breaking a contract.  He moves, for a second time, for a default judgment against Salon.

**2.**     Lloyd's motion, *Doc. 13*, is granted as modified.  First, he cured the service issues.  Lloyd's process server served the summons and the complaint on Sarah Winters, a registered agent in Florida for Salon. *Doc. 10*.  This satisfies the applicable Rules.  Fed. R. Civ. P. 4(h); Fla. Stat. Ann. §§ 48.021, 48.062, & 48.21.

Second, Salon has conceded the pleaded liability facts by not responding.  A review of the complaint's many exhibits shows that Salon controlled when, where, and how Lloyd sold the hair extensions that were the company's core business.  The company also set prices. He therefore acted as an employee, not an independent contractor. *Walsh v. Alpha & Omega USA, Inc.*, 39 F.4th 1078, 1082 (8th Cir. 2022).

The amount Salon paid Lloyd (approximately $173.06 per week) is too little to classify him as an exempt employee. *Doc. 1 at ¶ 31*; 29 C.F.R. § 541.600. Salon's failure to pay minimum wage and overtime is a FLSA violation; and its failure to keep accurate records violates both FLSA and AMWA. *Doc. 1 at ¶¶ 11–13 & 18*; 29 U.S.C. §§ 206(a), 207(a), & 211(c); Ark. Code. Ann. § 11-4-217. Lloyd also has a solid promissory estoppel claim—Salon didn't follow through on its end of the employment bargain (a commission agreement) that it made with him. *Doc. 1 at ¶¶ 8–13*; *Tilley v. Malvern National Bank*, 2025 Ark. 29, at 12, 709 S.W.3d 31, 41.

3.    The Court will hold an evidentiary hearing on damages at 1:30 p.m. on Wednesday 20 May 2026 in courtroom 1A of the Richard Sheppard Arnold United States Courthouse in Little Rock. *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001). Lloyd must serve this Order on Salon by approved process server, and file proof of service, as soon as practicable. Notice of service due by 30 March 2026.

So Ordered.

*D.P.Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

24 February 2026