**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

BRIAN LLOYD                                                                    PLAINTIFF

v.                                    4:25-cv-00921-DPM-JJV

SALON XTENSIONS LLC                                                     DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

**DISPOSITION**

**I.      INTRODUCTION**

Plaintiff Brian Lloyd filed this action *pro se*, alleging Defendant Salon Xtensions LLC violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. §§ 11-4-201 *et seq.*, by failing to pay him minimum and overtime wages during his employment. (Doc. No. 2 at 2.) He also raised a supplemental state law claim of promissory estoppel based on Defendant's alleged promise of a 12.5% commission agreement that never came to fruition. (*Id.*) Following Defendant's failure to appear or respond, Mr. Lloyd's Motion for Default Judgment was granted. (Doc. Nos. 13, 17.)

Mr. Lloyd appeared on May 20, 2026, for a hearing on the issue of damages; despite receiving notice of the hearing (Doc. No. 18), Defendant did not appear.

At the hearing, Mr. Lloyd clarified that he is seeking damages under either of two alternative theories of recovery – the FLSA/AMWA claim, and the promissory estoppel claim. Recognizing the difficulty of proving the sales attributable to him for purposes of calculating the commission he was due, Mr. Lloyd opted to abandon the promissory estoppel claim and proceed only on the wage-and-hour claim.

## II.  ANALYSIS

As a consequence of its default, Defendant is deemed to have admitted the factual allegations in Mr. Lloyd's Amended Complaint.  *See* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."); *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010).  While the factual allegations are taken as true, Mr. Lloyd must still prove his allegations regarding the amount of damages "to a reasonable degree of certainty." *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818-19 (8th Cir. 2001); *Marin v. Aida, Inc.*, 992 F.Supp.2d 913, 914 (W.D. Ark. 2014).

Mr. Lloyd requests damages in the form of unpaid minimum and overtime wages and liquidated damages.  (Doc. Nos. 2 at 13, 13 at 7.)  In support of his request, he has submitted an uncontroverted Declaration and other documentary evidence, including bank statements and written communications between him and Defendant.  (Doc. No. 15.)  I find this evidence, along with Mr. Lloyd's sworn testimony, is sufficient to prove the amount of damages to a reasonable degree of certainty.  Specifically, the record shows Mr. Lloyd worked sixty hours per week for 156 weeks between June 2022 and July 2025.  (Doc. No. 15 at 2.)  At the Arkansas minimum wage

of $11 per hour for forty hours per week, *see* Ark. Code Ann. § 11-4-210(a)(3), and at the required overtime rate of $16.50 per hour for twenty hours per week, *see* Ark. Code Ann. § 11-4-211(a), 29 U.S.C. § 207(a)(1), Mr. Lloyd should have been paid a minimum of $770 per week.  The record and testimony show he was paid, on average, $173.06 per week.  (Doc. Nos. 15 at 2, 15-3 at 53-89.)  This results in a shortfall of $596.94 per week, totaling $93,122.64 for the 156-week period of employment.

Mr. Lloyd is entitled to this amount in unpaid wages.  He also requests, and is entitled to, $93,122.64 in liquidated damages, pursuant to the FLSA.  *See* 29 U.S.C. § 216(b) (an employer who violates the minimum wage and overtime provisions is liable in the amount of unpaid minimum wages and overtime compensation "and in an additional equal amount as liquidated damages").  In addition, Mr. Lloyd is entitled to recover the costs of this action, *see id.*, and I find his filing fee of $405 should be paid by Defendant.

## III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      Judgment be entered in favor of Mr. Lloyd, and Defendant be held liable to him in the amount of $186,245.28 in damages and $405 in costs, for a total of $186,650.28.

2.      The judgment amount be ordered to bear interest at the prevailing legal rate from the date of entry of the judgment until paid.  *See* 28 U.S.C. § 1961.

DATED this 21st day of May 2026.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

3